IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.:      07-cv-02110-LTB-KMT

DAVID JENKINS and SASHA JENKINS

    Plaintiffs,

vs.

FMC TECHNOLOGIES, INC., a Delaware corporation authorized to do business in the State of Colorado

    Defendant.

---

**AGREED CONFIDENTIALITY ORDER**

---

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under the Federal Rules of Civil Procedure and with the consent of the parties, ORDERED:

1.    **Nondisclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

   [ A "stamped confidential document" means any document or electronic medium containing documents that bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) that the information is "Confidential," "Proprietary," and/or "Not Subject to Disclosure," or some other similar "confidential" notation to signify that it contains information believed to be subject to protection under the Federal Rules of Civil Procedure. For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party, non-party or another person, whether produced to responses to request for production, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitle to protection may be accorded status as a stamped confidential document, but, to

the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.]

2. **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to the persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court.) Subject to the provisions of subparagraph (c), such documents may also be disclosed--

   (a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

   (b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; to Plaintiff, and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form containing--

   (1) a recital that the signatory has read and understands this order;

   (2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute a breach of this Confidentiality Order; and

   (3) a statement that the signatory consents to the exercise of personal jurisdiction by this court. (A copy of the acknowledgment form is attached as Exhibit A.)

3. **Declassification.** A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4. **Confidential Information in Depositions.**

   (a) A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential

information contained therein. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

5. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence first offer the same to the court and give any party the opportunity to move the court for a further order of protection or limited use at trial. The court may also determine whether the proffered evidence should continue to be treated as confidential information.

6. **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7. **Filing.** Stamped confidential documents need not be filed with the clerk except when required in connection with motions under the Federal Rules of Civil Procedure or other matters pending before the court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk as long as they retain their status as stamped confidential documents.

8. **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof; relying generally on examination of stamped confidential documents and showing stamped confidential documents to the client so long as such documents remain confidential and protected by this order.

9. **Use.** Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings. [For purposes of this paragraph, the term "this litigation" includes other related litigation in which the producing person or company is a party.]

10. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents and not more than 150 days after final termination of this litigation.

11. **Modification Permitted.** Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

12. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

13. **No Waiver.**

    (a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

    (b) The inadvertent, unintentional, or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in party, of any party's claims of confidentiality.

14. Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

15. **Enforcement.** This court shall have continuing jurisdiction to enforce the provisions of this Confidentiality Order.

SIGNED this 29th day of April, 2008.

___/s/Kathleen M. Tafoya_____
United States Magistrate Judge

APPROVED AS TO FORM:

**DARRELL S. ELLIOTT, P.C.**


/s/ *Nicole C. Daniels*_____
Darrell S. Elliott
Nicole C. Daniels
1600 Pennsylvania Street
Denver, Colorado 80203
Telephone:     (303) 863-1600
Facsimile:     (303) 863-1234

**ATTORNEYS FOR PLAINTIFFS**



**ABBOTT, SIMSES & KUCHLER, APLC**


/s/ *Richard M. Simses*_____
Richard M. Simses
1360 Post Oak Boulevard, Suite 1700
Houston, Texas 77056
Telephone:     (713) 627-9395
Facsimile:     (713) 627-9395

**ATTORNEY FOR DEFENDANT
FMC TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on this 15th day of April 2008, a true and correct copy of the foregoing was served on all counsel of record by either electronic filing through the ECF system, placing a copy of the same in the U.S. Mail, Certified Mail, Return Receipt Requested, properly addressed and postage prepaid, and/or by fax and/or by hand delivery.

Richard Simses, Esq.
John Vicklund, Esq.
Abbott, Simses & Kuchler
1360 Post Oak Boulevard
Suite 1700
Houston, TX  77056
(713) 627-9393
*Counsel for Defendant*

                                      ___/s/ *Nicole Daniels*_____
                                          Nicole C. Daniels