IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02110-LTB-KMT

DAVID JENKINS and
SASHA JENKINS,

    Plaintiffs,

v.

FMC TECHNOLOGIES, INC.,

    Defendant.

---

**ORDER**

---

This matter is before the court on "FMC Technologies, Inc.'s Motion for Leave to Designate Nonparties Pursuant to Sec. 13-21-111.5(3) of the Colorado Revised Statutes" [Doc. No. 29, filed July 11, 2008]. No response has been filed by the plaintiffs.

Colo. Rev. Stat. § 13-21-111.5(3)(b) provides, the "[n]egligence or fault of a nonparty may be considered ... if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary." Upon such a designation, the jury may consider those nonparties when apportioning liability at trial. *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 591 -592 (Colo. App. 2007); *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997). Nonparty designation "ensures that parties found liable will not be responsible for more than

their fair share of the damages." *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002).

Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The " Erie doctrine," as it has come to be known, has been interpreted to mean that federal courts are to apply state substantive law, but federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). In this negligence case, this court will apply state law with respect to the timeliness and adequacy of notice pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b). *Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1407 (D. Colo. 1993).

Designations must contain identifying information for the nonparty in addition to "a brief statement of the basis for believing such nonparty to be at fault." Colo. Rev. Stat. 13-21-111.5(3)(b). The designation must contain facts sufficient to "satisfy all the elements of a negligence claim." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001); *see also Stone v. Satriana,* 41 P.3d 705, 709 (Colo. 2002) (interpreting *Redden* to require that designations "establish a prima facie case" against the nonparty). In this case, the defendant has stated in paragraph 5 of his designation, "FMC further designates as nonparties at fault any unidentified and undiscovered parties who may be partially or wholly at fault for the Plaintiffs' injuries in this lawsuit." [Exh. 1, Doc. No. 29-2, Designation] This general designation is improper. "[A] designation of non-parties must give a plaintiff sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it.... At the very least, the designation must set forth facts sufficient to permit a plaintiff to identify the transaction or

occurrence which purportedly leads to the nonparty's fault." *Resolution Trust Corp.*, 818 F. Supp. at 1408 -1409 (*quoting F.D.I.C. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992).); *Redden*, 38 P.3d at 80 (courts should construe designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover.) With the exception to the designation in paragraph 5 and the reservation in paragraph 6, the remaining designations are adequate.

The Colorado statute also requires that non-party designations be filed within ninety days of the Complaint. In this case the Complaint was filed on October 18, 2007. An Amended Complaint was filed on April 16, 2008, subsequent to the entry of the Scheduling Order on March 25, 2008. Obviously, FMC Technologies' filing is beyond the statutory time limitations on the first Complaint, however it is within the time if calculated from the filing of the Amended Complaint. The plaintiffs are represented by counsel who was consulted prior to the filing of the designation (Mot. ¶ 6) and who has not filed any response in opposition to the designation. Therefore the court concludes the plaintiffs are not objecting to either the filing of the designation or its timeliness.

In addition to the lack of objection to the timeliness of the designation, the court also finds the filing is made early in the discovery process and well before any trial date set for the case. Courts have supported more latitude in filing the initial notice of non-party liability under these circumstances. *Antolovich*, 183 P.3d at 592-93.

WHEREFORE it is **ORDERED**

FMC Technologies, Inc.'s Motion for Leave to Designate Nonparties Pursuant to Sec. 13-21-111.5(3) of the Colorado Revised Statutes [Doc. No. 29] is GRANTED as modified. FMC Technologies is directed to file, on or before September 7, 2008, an Amended Designation of Nonparties Pursuant to Sec. 13-21-111.5(3) of the Colorado Revised Statutes. The Amended Designation shall be a duplicate of Exhibit 1 to Doc. No. 29, with the exception of paragraphs 5 and 6 which will be deleted.

Dated this 29th day of August, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge