IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07–cv–02110–LTB–KMT

DAVID JENKINS and
SASHA JENKINS,

      Plaintiffs,

v.

FMC TECHNOLOGIES, INC.,

      Defendant.

---

## ORDER

---

This matter is before the court on "Plaintiffs' Motion to Amend Complaint, Request for Expedited Ruling and/or Request for Hearing" (hereinafter "Mot.") [Doc. No. 75, filed May 6, 2009.] Defendant filed "Defendant, FMC Technologies, Inc.'s Response in Opposition to Plaintiffs' Motion to Amend Complaint" (hereinafter "Rsp.") [Doc. No. 85] on May 18, 2009. Also before the court is FMC's "Emergency Motion to Stay Scheduling Deadlines Pending Ruling on Plaintiffs' Motion to Amend Complaint, And Request for Expedited Telephonic Hearing" [Doc. No. 78, filed May 7, 2009]. A response to the Emergency Motion was filed on May 15, 2009 [Doc. No. 83] and a Reply on May 19, 2009 [Doc. No. 87].

Plaintiff seeks leave to amend its complaint to add one additional defendant and to add additional claims for negligent and fraudulent misrepresentation and for exemplary damages

against FMC. Defendant opposes the amendment as "not meritorious, it is untimely, and simply lacks sufficient support to show good cause to amend." (Rsp. at 2.)

*ANALYSIS*

*A.     Amendment of Pleadings Outside the Time Parameters of the Scheduling Order.*

On March 25, 2008, this court entered a Scheduling Order setting the deadline for joinder of parties and amendment of pleadings for July 11, 2008. (Doc. No. 16.) The Scheduling Order however, provided that amendments might be allowed after that time by order of the court. *Id.* A court, for good cause, may extend any deadlines in a scheduling order for good cause. Good cause has been interpreted to mean:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

*Jorgensen v. Montgomery*, 2007 WL 3119549, at *3 (D. Colo. Oct. 19, 2007) (citing Advis. Comm. Notes for 1983 Amend.) "Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)(quoting *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)).

On September 4, 2008, the defendants were allowed to file designations of non-parties at fault outside the statutory time limitations.[1] [Doc. No. 39]. Schlumberger Technology Corp. (hereinafter "Schlumberger"), the defendant whom plaintiff now seeks to add in the Second Amended Complaint, was not among those designations by defendant FMC.[2]

At the core of the plaintiffs' contentions in this case is that on January 10, 2007, David Jenkins suffered serious and permanent injuries as the result of mismatched parts and components in a hammer union on a manifold at a well location. The specific part at issue is a wing nut manufactured by FMC. The wing nut was a Fatigue Resistant "FR" 10 component which was not compatible with a standard component (non-FR) fitting due to its special design. Plaintiffs allege that the use of non-compatible parts in the hammer union allowed another part, known as a bulplug to improperly move, causing it to be unable to hold the rated pressure of 10,000 pounds per square inch. As a result, Plaintiffs allege that the bulplug shot through the FR10 wing nut and struck the David Jenkins just below the knee as he was walking up to the manifold to release the $CO_2$ truck, causing severe injury. (See Scheduling Order, Doc. No. 16, Plaintiff's Statement of Claims and Defenses, ¶ 3.) Halliburton was Mr. Jenkins' employer and Praxair was the supplier of the pressurizing $CO_2$.

---

[1] Colo. Rev. Stat. § 13-21-111.5(b) provides, "Negligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary." The case was filed on October 9, 2007. The motion to allow a designation of non-parties was filed on July 11, 2008, obviously beyond the ninety day period.

[2] The nonparties designated by defendant were Halliburton Energy Services Inc. and Praxair, Inc.

After the filing of the statutory non-party designation by defendant FMC, the parties continued to engage in contentious discovery, requiring rulings by the court on various discovery motions. Although the pleadings indicate from a fairly early stage in the litigation that the special fatigue-resistant part which played a role in this litigation was made by FMC at the specific request of and for Schlumberger, (see Plaintiff's Motion to Compel, Doc. No. 41, filed September 19, 2008, p. 25, response to non-pattern interrogatory no. 16[3]), plaintiffs allege "[i]t was not until FMC answered the amended interrogatories on March 2, 2009, making Plaintiffs aware that the FR [fatigue resistant] wing nuts were <u>designed by</u> Schlumberger and not FMC" that they realized a necessity to add Schlumberger as a party defendant.[4] ( Mot. at 9, emphasis added by the court). Additionally, according to the plaintiff, "FMC never designated Schlumberger as a nonparty nor did they even disclose Schlumberger as having relevant information until January 16, 2009." *Id.*

---

[3]Defendants stated in their June 6, 2008 response to the question "Were the FR components designed for a specific customer" as follows: "Subject to and without waiving the foregoing objections and any applicable General Objection, the FR components were specifically designed at the request of and for the exclusive use of Schlumberger." (Mot., Exh. 3, no. 16.)

[4]Defendants stated in their March 2, 2009 response to the question "Did you design the FR wing nuts for a specific customer or customers" as follows: "Actually No, FMCTI did not specifically design the FR wing nuts. The FR wing nuts were originally designed by Schlumberger, and FMCTI was asked by Schlumberger to manufacture the FR wing nuts. The FR wing nuts have been manufactured on a limited basis for Schlumberger's use." (Mot., Exh. 5. , no. 16.)

The court finds that good cause has been shown by the plaintiffs for allowing the Second Amended Complaint to be filed outside the time restraints contemplated by the Scheduling Order.

### B.     Rule 15

Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a 'two-step analysis' is required.  *Pumpco, Inc*., 204 F.R.D. at 668.  "If the movant satisfies Rule 16(b)'s 'good cause' standard, it must then pass the requirements for amendment under Rule 15(a)."  *Id.*

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).   Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957)(overruled on other grounds *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### *1.   Addition of Defendant Schlumberger – Undue Delay, Bab Faith, Dilatory Motive and Prejudice to the Defendant.*

Defendant argues, "Plaintiffs have known about Schlumberger since at least July 2008." (Rsp. at 4.) The thrust of this argument, then is that plaintiffs should have sought leave to file the Second Amended Complaint months ago. Further, FMC notes that its counsel inquired of plaintiffs on several occasions whether plaintiffs were going to "bring in Schlumberger." *Id.* However, as noted above, merely knowing that Schlumberger was a customer of FMC misses the essential point. There is a great deal of difference between Schlumberger – the customer of FMC for whom fatigue resistant parts were made – and Schlumberger – the designer of an allegedly defective part which allegedly caused injury to the plaintiff.

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002). The important inquiry is not simply whether a plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) ("[A] plaintiff should not be prevented from pursuing a valid

claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.") (citation omitted). Prejudice is most likely to be found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend.

FMC admits that "Schlumberger did not respond to the deposition and subpoena [issued by plaintiffs] until at least after April 7, 2009, the date the Deposition by Written Questions were signed by Mr. Walter Taylor with Schlumberger." (Rsp. at 5; Exh. C to Rsp.). FMC notes that discovery has often been delayed in some respects and has involved repeated re-scheduling of depositions. They urge, therefore, that with greater diligence plaintiffs should have been able to obtain the new information about Schlumberger earlier than they did. This, however, is not the test concerning whether to allow an amendment of a complaint.

There appears to be little, if any, dispute that plaintiffs only recently found out about Schlumberger's role as a designer of the FR parts. By contrast, this is information to which

FMC has <u>always</u> been privy.  The fact that the plaintiffs did not ferret out the information sooner does not constitute "bad faith or dilatory motive."  Further, the delay was not "undue" since FMC could have, and arguably should have, provided this very relevant information in its initial disclosures.   Apparently, this was not done, and the answers provided by FMC to the initial discovery certainly do not indicate that Schlumberger was anything more than a customer for a part designed and manufactured by FMC.

FMC will not be prejudiced by the amendment provided adequate extensions of time are provided for all the parties, both FMC and the proposed newly joined party, to prepare for trial.  The addition of Schlumberger as a defendant does not alter the focus of the case.  Given that the important information was something FMC always knew or should have known, it is disingenuous for it to now argue prejudice because FMC chose not to reveal it until the plaintiffs had enough information to ask precisely the right questions.

### 2. *Addition of Claims Twenty-Two and Twenty-Three, including exemplary damages.*

In addition to the new claims against Schlumberger, plaintiff's proposed Second Amended Complaint seeks to add two new claims against FMC.  Claim number Twenty-two alleges that by knowingly withholding the information that Schlumberger was the designer of the FR10 wingnut, FMC made willfully fraudulent misrepresentations to the plaintiffs upon which plaintiffs relied causing the plaintiffs' case to be delayed in its claims against Schlumberger.  (Mot., Exh. 7, Doc. No. 75-7, Second Amended Complaint, ¶¶ 195-200.)  As a result of the alleged fraudulent misrepresentations, plaintiffs' state, "[p]laintiffs sue Defendant, FMC, for

compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, loss of enjoyment of life and loss of consortium." *Id.* at 35.  Plaintiffs also seek "1. A monetary award representing a reasonable amount of compensatory damages; 2. Exemplary Damages against Defendant in an amount to be determined at trial; 3. Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure; 4. Interest from the date of the incident." *Id.*

Claim number Twenty-three continues in a similar vein, alleging negligent misrepresentation for the same behavior as Claim Twenty-two and citing the same damages and prayers for relief, including the claim for exemplary damages.

Recovery of exemplary damages is permitted in a civil action where the jury assesses damages for a personal injury, "and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a).  "[W]illful and wanton conduct" means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." § 13-21-102(1)(b). Exemplary damages are clearly inappropriate when a claim charges only negligence, such as the allegations in Claim number Twenty-three.  *See Grabau v. Target Corp.*, 2007 WL 4754044, *5  (D. Colo. 2007).

Further, looking at the two claims in their totality, this court cannot conceive how FMC's failure to inform the plaintiffs early in the case that one of the parts involved in the accident was

9

designed by Schlumberger <u>caused</u> the plaintiff's to suffer damages of "prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, loss of enjoyment of life and loss of consortium." The substance of the two claims is properly brought as a motion for sanctions based on alleged discovery abuse. The claims made and the damages sought by the plaintiffs in Counts Twenty-two and Twenty-three indicate clearly and unequivocally that these two claims are brought solely for the purpose of gaining a tactical advantage and not because they are legitimate claims which are appropriately pursued as part of an amended complaint.

**WHEREFORE it is ORDERED**

1. "Plaintiffs' Motion to Amend Complaint, Request for Expedited Ruling And/or Request for Hearing" [Doc. No. 75] is **GRANTED** in part and **DENIED** in part.

The plaintiffs shall be allowed to file a Second Amended Complaint adding Schlumberger Technology Corporation as a party and adding the claims against both parties as submitted in Doc. No. 75-7 of the proposed Second Amended Complaint <u>with the exception of</u> claim numbers Twenty-two and Twenty-three. The plaintiff is directed to file its Second Amended Complaint, as amended to delete claims Twenty-two and Twenty-three, on or before **May 29, 2009.**

2. Plaintiffs are **ORDERED** to effect proper service of the Second Amended Complaint, once it has been filed with the court, on Schlumberger Technology Corporation and FMC and to file the return of service on or before **June 19, 2009.** The plaintiffs are further

**ORDERED** to serve a copy of this Order on Schlumberger along with the Second Amended Complaint, Summons and other appropriate paperwork.

   3.  FMC's "Emergency Motion to Stay Scheduling Deadlines Pending Ruling on Plaintiffs' Motion to Amend Complaint, And Request for Expedited Telephonic Hearing" [Doc. No. 78] is **GRANTED**. All previously scheduled discovery deadline dates in the Scheduling Order, [Doc. No. 16], are vacated except for the Trial date and the date for the Trial Preparation Conference as scheduled by and before the District Court. The Final Pretrial Conference now scheduled for July 31, 2009 and the Settlement Conference now scheduled for June 26, 2009 are **VACATED.** The parties are directed to file, **on or before June 10, 2009,** any motion requesting the District Court vacate the Trial Preparation Conference now scheduled for August 14, 2009 and the Jury Trial now scheduled for September 14, 2009.

   4.  A Fed. R. Civ. P. 16(b) scheduling and planning conference is set for **July 29, 2009 at 9:00 a.m.** The conference shall be held in Courtroom C-201, Second Floor, of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.

   Dated this 26th day of May, 2009.

                  **BY THE COURT:**

                  Kathleen M. Tafoya
                  United States Magistrate Judge