IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02110-LTB-KMT

DAVID JENKINS and
SASHA JENKINS,

      Plaintiffs,

v.

FMC TECHNOLOGIES, INC., and
SCHLUMBERGER TECHNOLOGY CORP.

      Defendants.

---

**ORDER**

---

      This matter is before the court on "Plaintiffs' Motion to Strike FMC Technologies, Inc.'s Nonparty Designations" [Doc. No. 64, filed July 11, 2008]. Defendant filed "FMC Technologies, Inc.'s Response to Plaintiffs' Motion to Strike FMC Technologies, Inc.'s Non-Party Designations" [Doc. No. 66] on February 19, 2009 and "Plaintiffs' Reply to FMC Technologies, Inc.'s Response to Plaintiffs' Motion to Strike FMC Technologies, In.c's Nonparty Designations" [Doc. No. 68] was filed March 6, 2009. "Plaintiffs' Request for Ruling or Hearing Regarding Plaintiffs' Motion to Strike FMC Technologies, Inc.'s Non-party Designations on February 4, 2009" was filed May 15, 2009. [Doc. No. 84.] These motions are ripe for review and ruling.

***BACKGROUND***

On July 11, 2008, Defendant FMC Technologies, Inc. ("FMC") filed a Motion to designate certain nonparties as subject to apportionment of liability putsuant to Colo. Rev. Stat. § 13-21-111.5.  The statute provides that designations of nonparties must be filed "within ninety days following commencement of the action unless the court determines that a longer period is necessary."  § 13-21-111.5(b)  This case was filed on October 9, 2007. Therefore, since the filing was outside the ninety day period, FMC was required to seek leave of court to file the Amended Designation of Nonparties [Doc. No. 40] (hereinafter "Amended Designation").  The Court granted the Motion to file outside the usual time restrictions and on September 4, 2008, FMC filed its Amended Designation.

The plaintiffs now move to strike the Amended Designation on the basis that FMC does not present a *prima facie* case that either Halliburton Energy Services, Inc. ("Halliburton") or Praxair, Inc. ("Praxair"), the two nonparties designated, negligently breached a legal duty owed to the plaintiffs.

Defendant FMC argues that the law-of-the-case forbids the plaintiff from attempting to strike their Amended Designation at this juncture because the court found, in its September 4, 2008 Order, that the designations were "adequate."  FMC also argues that, in any event, it has complied with the requirements of Colo. Rev. Stat. § 13-21-111.5(b).

***LEGAL STANDARD***

Colo. Rev. Stat. § 13-21-111.5(3)(b) provides, the "[n]egligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault . . . ."  Upon such a designation, the jury may consider those nonparties when apportioning liability at trial.  *See Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 591-592 (Colo. App. 2007); *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997).  Nonparty designation "ensures that parties found liable will not be responsible for more than their fair share of the damages."  *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002).

Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law.  *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).  As stated by this court in its September 8, 2008 Order, Colorado state law is applicable to the timeliness and adequacy of notice pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b).  *Resolution Trust Corp. v. Deloitte & Touche*,  818 F. Supp. 1406, 1407 (D. Colo. 1993).

Nonparty designations must contain identifying information about the nonparty and additionally, "a brief statement of the basis for believing such nonparty to be at fault."  Colo. Rev. Stat. § 13-21-111.5(3)(b).  The designation must contain facts sufficient to "satisfy all the elements of a negligence claim."  *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001); *see also Stone v. Satriana,* 41 P.3d 705, 709 (Colo. 2002) (interpreting *Redden* to require that designations "establish a prima facie case" against the nonparty).

> "[A] designation of non-parties must give a plaintiff sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it. . . . At the very least, the designation must set forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault."

*Resolution Trust Corp.*, 818 F. Supp. at 1408 -1409 (*quoting F.D.I.C. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992)). Courts should construe designation requirements strictly to avoid a defendant attributing liability to a nonparty from whom the plaintiff cannot recover. *Redden*, 38 P.3d at 80.

### *ANALYSIS*

Generally, "the law-of-the-case doctrine dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1224 (10th Cir.2007); *Taylor v. Panico*, 2009 WL 1011150, *4 (D. Colo. 2009). The doctrine of law-of-the-case was "created to ensure judicial efficiency and to prevent the possibility of endless litigation." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1580 (Fed. Cir. 1983); *see also Messinger v. Anderson*, 225 U.S. 436, 444 (1912) (law-of-the-case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided"); *Roberts v. Cooper*, 61 U.S. 467, 481 (1857) ("[T]here would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate of chances from changes of its members."); *United States v. Turtle Mountain Band of Chippewa Indians*, 222 Ct. Cl. 1, 612 F.2d 517, 520 (1979) ("No litigant deserves an opportunity to go over the same ground twice, hoping that the passage of time or

changes in the composition of the court will provide a more favorable result the second time."). *See also Wyers v. Master Lock Co.*, 2009 WL 646333, *2 (D. Colo. 2009)(Babcock, J.).

      This court has previously reviewed the adequacy of the Amended Designation made by FMC against Halliburton and Praxair using the criteria set forth in the Legal Standards section *infra.* I undertook a full inquiry in spite of the fact that plaintiffs filed no response whatsoever to FMC's request to file the Amended Designation. I disallowed part of the designation which I deemed non-compliant with the legal standards required by Colo. Rev. Stat. §13-21-111.5(b). This court's ruling on the adequacy of the designations of Halliburton and Praxair was not timely appealed to the District Court by the plaintiffs, who continued to remain silent on the issue. It could not be more clear, therefore, that the issues of law now raised by plaintiffs in their motion to strike have been decided previously by this court and are, therefore, not open to further debate.

      However, in the interest of full and fair adjudication, the court has again reviewed the defendant's Amended Designation of Halliburton and Praxair as potentially liable nonparties.

      Plaintiffs' claims against FMC arise out of an incident which occurred on January 10, 2007. Plaintiffs allege that David Jenkins suffered serious and permanent injuries as the result of mismatched parts and components in a hammer union which was a component part on a manifold use as part of a "fracturing" operation. The specific part alleged to be the cause of the accident by plaintiffs is a wing nut manufactured by FMC. The wing nut was a Fatigue Resistant "FR" 10 component which was not compatible with a standard component (non-FR) fitting due to its special design. Plaintiffs allege that the use of non-compatible parts in the hammer union

allowed another part, known as a bull plug to improperly move, causing it to be unable to hold the rated pressure of 10,000 pounds per square inch.  Plaintiffs allege that as a result, the bull plug shot through the FR10 wing nut and struck David Jenkins just below the knee as he was walking up to the manifold to release the CO2 truck, causing severe injury.  (See Scheduling Order, Doc. No. 16, Plaintiff's Statement of Claims and Defenses, ¶ 3.)

In its Amended Designation, FMC states that the injured plaintiff was an employee of Halliburton and was injured in the course and scope of his employment while he assisted in "rigging up the CO2 equipment." (Am.D., Doc. No. 40 at 1).  FMC contends that Mr. Jenkins ran a pressure test on the equipment he was using prior to the incident.  (*Id.* at 2).  FMC states, "Jenkins was allegedly injured when a 4" bull plug came loose from a CO2 ground manifold (owned and/or operated by Halliburton) and struck him in the legs." (*Id.*)  Further, the Amended Designation states, "there was a sudden rise and fall in CO2 pressure just prior to the bull plug detaching from the manifold.  This 'spike' in CO2 pressure was . . .likely caused by possible malfunction of one or more of the other pieces equipment (sic) used by Halliburton, and/or other companies at the site, including, but not limited to Praxair, Inc. . . ." (*Id.*)  FMC continues, "Praxair furnished a CO2 truck, which was operated during the time of the fracturing operation" and FMC further states, the "sudden rise in CO2 pressure was the result of failure on the part of the nonparty Praxair to properly operate, inject, maintain, and/or supply CO2 to the Halliburton truck, and then to the subject manifold, causing and/or contributing to Jenkins' alleged injuries in this matter."

These statements, along with the other statements in the Amended Designation not repeated verbatim here, certainly give the plaintiffs "sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it. . . ." *Resolution Trust Corp.*, 818 F. Supp. at 1408-1409. Further, the Amended Designation clearly sets forth facts sufficient to permit the plaintiffs "to identify the transaction or occurrence which purportedly leads to the nonparty's fault." *Id.*

WHEREFORE it is **ORDERED**

1. "Plaintiffs' Motion to Strike FMC Technologies, Inc.'s Nonparty Designations" [Doc. No. 64] is **DENIED**.

2. "Plaintiffs' Request for Ruling or Hearing Regarding Plaintiffs' Motion to Strike FMC Technologies, Inc.'s Non-party Designations on February 4, 2009" [Doc. No. 84] is **DENIED** as moot.

Dated this 28th day of May, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge