IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07–cv–02110–LTB–KMT

DAVID JENKINS and
SASHA JENKINS,

    Plaintiffs,

v.

FMC TECHNOLOGIES, INC., and
SCHLUMBERGER TECHNOLOGY CORPORATION,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Schlumberger Technology Corporation's (Schlumberger's) "Motion for Clarification or, in the Alternative, to Amend Scheduling Order" [Doc. No. 111, filed September 11, 2009].

    The Scheduling Order controlling this matter [Doc. No. 108, filed July 29, 2009] provides:

> (3) Modifications which any party proposes on the presumptive numbers of depositions or interrogatories and request for admissions contained in the federal rules.
>     Twenty-five (25) per party except for those dealing with the admissibility of exhibits.

>  (4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions. 25 per party.

*Id.* at 16, § 8(h)(4).

Defendant Schlumberger interprets the Order to allow it to serve up to twenty-five interrogatories, twenty-five requests for production of documents, and twenty-five requests for admissions on each of the other three parties, FMC, Technologies, Inc., David Jenkins and Sasha Jenkins. Plaintiff apparently interprets the Scheduling Order as limiting the total interrogatories, requests for production of documents, and requests for admissions available to Schlumberger to twenty-five each, which Schlumberger may divide between the three other parties.

The abbreviated language of the Scheduling Order is admittedly not a model of clarity. However, the language of Fed. R. Civ. P. 33(a)(1) does not suffer from such ambiguity. Rule 33(a)(1) provides, ". . . a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Consistent with Rule 33(a)(1), this court's intent was to allow Defendant Schlumberger to serve up to twenty-five of each category of written discovery on each of the three other parties to the case, consistent with Defendant Schlumberger's interpretation. By the same token, each of the three other parties may serve up to twenty-five of each category of discovery requests on Schlumberger.[1]

---

[1] David Jenkins, Sasha Jenkins and FMC Technologies, Inc. are, of course, bound by the number of discovery requests they have already served on one another prior to Schlumberger's entry into the case.

It is **ORDERED**

Schlumberger's "Motion for Clarification or, in the Alternative, to Amend Scheduling Order" [Doc. No. 111] is GRANTED and the Scheduling Order is clarified herein. Discovery shall proceed consistent with this Order.

Dated this 14th day of September, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge